

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-1-2008

# Calhoun v. Young

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3629

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Calhoun v. Young" (2008). *2008 Decisions.* Paper 737.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/737

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3629

_____

JAMES LEE CALHOUN,

Appellant

v.

KEVIN YOUNG, Individually and in his capacity as Assistant
Deputy Defender of Ocean County, NJ;
FRANCISCO GONZALEZ, Individually and in his capacity as Deputy
Public Defender of Ocean County, NJ;
YVONNE SMITH SEGARS, Individually and in her capacity as
Public Defender of New Jersey

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 07-cv-03691)
District Judge:  Honorable Garrett E. Brown

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 25, 2008
Before: MCKEE, SMITH and CHAGARES, Circuit Judges

(Opinion filed: August 1, 2008)

_____

OPINION

_____

PER CURIAM

James Lee Calhoun filed this civil rights action pro se under 42 U.S.C. § 1983,

alleging that three public defenders had violated his constitutional rights. The District Court dismissed the action for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). We have jurisdiction over this appeal under 28 U.S.C. § 1291. We will affirm the District Court's order of dismissal.

The parties are familiar with the facts and thus we will only briefly summarize them here. Calhoun, who was incarcerated at the Monmouth County Correctional Institution in Freehold, New Jersey, when he filed this suit, alleges that Kevin Young, Assistant Deputy Public Defender of Ocean County, New Jersey, violated his rights by discontinuing his representation after Calhoun refused to plead guilty.[1] Calhoun further alleges that Francisco Gonzalez, Deputy Public Defender of Ocean County, New Jersey, and Yvonne Smith Segars, Public Defender of New Jersey, violated his constitutional rights by not taking corrective action against Young, and conspiring to deprive indigent criminal defendants of their constitutional rights by securing their convictions through guilty pleas. Calhoun also contends that the State of New Jersey violated his constitutional rights by "attempting" to charge him approximately $1,500 in expenses for his court-appointed counsel.[2]

---

[1] Calhoun's state criminal trial proceedings appear to be ongoing.

[2] The New Jersey Public Defender Act includes reimbursement and lien provisions. See N.J.S.A. 2A:158A-16, 158A-17. N.J.S.A. 2A:158A-16 provides that:

In all cases where it appears that the defendant has or reasonably expects to

2

For these putative constitutional violations, Calhoun seeks monetary damages and an injunction against the State of New Jersey to stop it "from charging indigent criminal defendants for court appointed counsel." Calhoun also sought class action status for all criminal defendants suffering losses of their constitutional rights due to the actions of defendants. The District Court dismissed Calhoun's complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Calhoun timely appealed.

In order to establish a 42 U.S.C. §1983 civil rights claim, a claimant must show: "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Robb v. City of Philadelphia, 733 F.2d 286, 290-91 (3d Cir. 1984) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)). Accordingly, Calhoun's claims against Young regarding his ineffective representation were properly dismissed because it is well established that a public defender performing a lawyer's traditional functions as counsel to a defendant is not acting under color of state law. See Polk County v. Dodson, 454 U.S. 312, 325 (1981).[3] Further, to the extent

have means to meet some part, though not all, of the cost of the services rendered to him he shall be required to reimburse the office, either by a single payment or in installments, in such amounts as he can reasonably be expected to pay; but no default or failure in the making of any such payment shall in any wise [sic] affect or reduce the rendering of the services to him.

[3] Moreover, given that Calhoun appears to be awaiting trial in state criminal proceedings, to the extent his complaint seeks injunctive relief for alleged present and

Calhoun is attempting to hold Gonzalez and Segars liable for Young's actions on a respondeat superior theory, he failed to present a federal claim. See Polk, 454 U.S. at 325 ("Section 1983 will not support a claim based on a respondeat superior theory of liability").

Calhoun's claims regarding an alleged conspiracy between Young and the other two defendants were also properly dismissed because – even assuming arguendo that Gonzalez and Segars could be considered state actors here – the allegations in the complaint and all reasonable inferences drawn therefrom fail to state a conspiracy claim. See Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991).

Finally, to the extent Calhoun sought monetary damages and injunctive relief from the State of New Jersey for "attempting" to charge him and other indigent defendants for the cost of the public defender services provided them, the complaint was properly dismissed because a State is not a person for purposes of §1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Even construing Calhoun's pro se complaint liberally and assuming arguendo that such relief would be available from Segars in her individual and/or official capacities, this claim was nonetheless properly dismissed. In the first instance, it appears that Calhoun has not suffered an injury, let alone a

---

continuing constitutional deprivations regarding his representation or the on-going proceedings, the complaint seeks relief that a federal court should not provide. See O'Shea v. Littleton, 414 U.S. 488, 496 (1974) (citing Younger v. Harris, 401 U.S. 37 (1971)).

deprivation of a constitutional right, because he alleges only that there was an "attempt" to charge him for the cost of his public defender.  <u>See</u> <u>also</u> <u>Fuller v. Oregon</u>, 417 U.S. 40, 54 (1974) (upholding Oregon recoupment statute providing that an indigent convicted person, who later becomes able to pay for his counsel, may be required to do so).

For the foregoing reasons, we will affirm the order of the District Court.